1  ANDREW P. VALENTINE (State Bar No. 162094)
   DLA PIPER US LLP
2  2000 University Avenue
   East Palo Alto, CA 94303-2248
3  T: (650) 833-2000
   F: (650) 833-2001
4
   EUGENE M. PAK (State Bar No. ~~99)
5  HEATHER A. DUNN (State Bar No. 209209)
   DLA PIPER US LLP
6  153 Townsend Street, Suite 800
   San Francisco, CA 94107-1907
7  Tel:  (415) 836-2500
   Fax: (415) 836-2501
8
9  Attorneys for Plaintiff
   XILINX, INC.

FILED

2008 MAY -5  A 10: 31

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

Feepaid
SI
9

10

11              UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA
12
                     SAN JOSE DIVISION
13                                        C08    02307

14  XILINX, INC.,                    CASE NO. _____        BZ
    a Delaware corporation,
15                                   COMPLAINT FOR
              Plaintiff,
16                                   **(1)   FEDERAL TRADEMARK**
         v.                                  **INFRINGEMENT**
17                                           **(15 U.S.C. § 1114);**
    XILIENT, INC.,
18  a Delaware corporation,          **(2)   FALSE DESIGNATION OF ORIGIN**
                                             **(15 U.S.C. § 1125(a))'**
              Defendant.
19                                   **(3)   COMMON LAW TRADEMARK AND**
                                             **TRADE NAME INFRINGEMENT**
20                                           **(Common Law);**

21                                   **(4)   STATE UNFAIR COMPETITION**
                                             **(Cal. Bus. & Prof. Code § 17220 and**
22                                           **Common Law)**

23

24

25                                   **JURY TRIAL DEMANDED**

26

27

28
                                -1-                          COMPLAINT

PA\10552149.1

Plaintiff Xilinx, Inc. alleges as follows:

## PARTIES

1.    Plaintiff Xilinx, Inc. ("Xilinx") is a Delaware corporation with its headquarters located at 2100 Logic Drive, San Jose, California 95124-3400, and which maintains offices in Asia and Europe.

2.    Xilinx is informed and believes and on that basis alleges that defendant Xilient, Inc. ("Defendant" or "Xilient") is a Delaware corporation that maintains its principal place of business at 10181 Bubb Road, Cupertino, California 95014.

## NATURE OF THE CASE

3.    This is an action for trademark and trade name infringement and related causes of action arising out of Defendant Xilient's willful and intentional adoption of the confusingly similar mark and trade name XILIENT (collectively the "XILIENT Mark") in connection with goods and/or services that are the same as or similar to those offered by Plaintiff Xilinx under its XILINX mark. Xilinx seeks preliminary and permanent injunctive relief to prevent Defendant from using the XILIENT Mark, as well as damages, Defendant's profits, fees, costs, and other monetary and equitable relief. Plaintiff Xilinx brings claims for: (i) trademark and trade name infringement in violation of Section 32 of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114; (ii) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark and trade name infringement under the common law of the State of California; and (iv) unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.* and common law.

## JURISDICTION AND VENUE

4.    This action arises under the Federal Trademark Act of 1946, known as the Lanham Act (15 U.S.C. §§ 1051-1127), and is for trademark infringement and unfair competition, as well as state common law and statutory trademark infringement, unfair competition, and false designation of origin.

5.    This Court has subject matter jurisdiction over Xilinx's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

-2-                                                         COMPLAINT

6.    This Court has supplemental jurisdiction over Xilinx's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Xilinx's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.    This Court has personal jurisdiction over the Defendant Xilient by reason of its location (Cupertino, California) and transaction of business within the State of California and the Northern District.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because:  (a) acts of infringement and other wrongful conduct alleged occurred in the Northern District of California and (b) Defendant resides in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9.    Pursuant to United States District Court, Northern District Civil Local Rules 3-5(b) and 3-2(e), assignment to the San Jose Division is proper because a substantial part of the infringement and other wrongful conduct alleged occurred in Santa Clara County.

## PLAINTIFF XILINX AND ITS XILINX MARK

10.    Xilinx is one of Silicon Valley's most well-known and respected companies. Xilinx was founded in 1984 in San Jose, California by Ross Freeman, Bernie Vonderschmitt, and Jim Barnett as one of the first fabless semiconductor companies. Since then Xilinx has become a leading semiconductor company with over $1.8 billion in annual revenues (fiscal year 2007) and 3,500 employees in offices in the United States (San Jose, California; Austin, Texas; Longmont, Colorado; Albuquerque, New Mexico) and numerous other countries including England, Ireland, France, Italy, Israel, China, India, Japan, Hong Kong, and Singapore. Xilinx ranked in the top ten of Fortune Magazine's annual listing of "100 Best Companies to Work For" from 2002 to 2005, and was recently named as one of the "100 Best Corporate Citizens for 2008" by CRO Magazine. Xilinx is a publicly-traded company, trading under the stock ticker symbol XLNX.

11.    Xilinx is the owner of the XILINX trademark and trade name, including U.S. and foreign trademark registrations for the mark (the XILINX mark, trade name, and registrations, and each of them, are hereafter collectively referred to as the "XILINX Mark"). Xilinx's federal

-3-

COMPLAINT

1  registration for the word mark XILINX was issued in 1992, and is now an incontestable

2  registration (Reg. No. 1904283). Xilinx also owns registrations for the Xilinx logo (X XILINX

3  and Design) (Reg. No. 1713232) and XILINX for hardware and software design services (Reg.

4  No. 3215885). These are listed below:

5  
6  
- XILINX (Reg. No. 1904283) for "integrated circuits and computer software in the field of programming integrated circuits"

7  
- X XILINX and Design (Reg. No. 1713232) for "integrated circuits and computer software in the field of programming integrated circuits"

8  
9  

10  
11  
- XILINX (Reg. No. 3215885) for "design of computer hardware, integrated circuits, communications hardware and software for others"

12  Attached as Exhibit A are true and correct copies of the registration certificates from the

13  United States Patent and Trademark ("USPTO") for each of the registrations listed above.

14  12.    Xilinx has used the XILINX Mark since at least as early as September 1985 in

15  commerce in connection with the marketing and sale of its integrated circuits and related

16  software, as well as in connection with integrated circuit and software design services since at

17  least as early as March 1999. Xilinx semiconductors are used in a wide variety of computer and

18  electronic devices including in the aerospace, automotive, data storage, medical and

19  telecommunications fields, as well as in consumer electronic products such as personal digital

20  assistants (PDAs), wireless phones, portable audio and video players, MP3 players, personal

21  satellite radios and radio receivers, DVD recorders and players, televisions, mobile navigation

22  systems, wireless headphones, inkjet printers and digital cameras. Xilinx has extensively

23  advertised and promoted its products worldwide under the XILINX Mark.

24  13.    Xilinx and its products have received numerous awards and recognition in the

25  industry, including: Huawei Excellent Supplier (2006); Lucent Technologies: Winning Edge

26  Supplier (2005); Lucent Technologies: Best Supplier of the Year (2004); Fujitsu: Best Supplier of

27  the Year (2004); NEC (Mobile Network): Best Supplier Award (FY 2003); Forbes: Best Managed

28  

-4-                                          COMPLAINT

PA\10552149.1

1    Semiconductor Company (2004); Silicon Strategies Magazine: Best Fabless Semiconductor
2    Company (2004); Fabless Semiconductor Association (FSA): Most Respected Public Fabless
3    Company (2003); Lucent Technologies: Impact Supplier of the Year (2002); Cisco Systems:
4    Technology Supplier of the Year (2002).

5        14.    Xilinx is an active member of various semiconductor trade organizations and
6    associations including the Semiconductor Industry Association (SIA), the leading trade
7    association representing the U.S. semiconductor industry (Xilinx is a charter member of SIA and
8    Xilinx's Chairman of the Board, Wim Roelandts, is current SIA Chairman); the Fabless
9    Semiconductor Association (now the "Global Semiconductor Alliance"), which is the trade
10   organization that represents semiconductor companies that do not have their own fabrication
11   capabilities (or "fabless" manufacturers); PCI-SIG, an industry organization chartered to develop
12   and manage the PCI (peripheral component interconnect ) standards; and the InterNational
13   Committee for Information Technology Standards (INCITS), which focuses on standardization in
14   the field of information and communications technologies (ICT). Xilinx also regularly sponsors
15   or attends trade conventions and trade shows such as the Consumer Electronics Association
16   conference, National Association of Broadcasters (NAB) conference, Embedded Systems
17   Conference (ESC), Mobile World Congress, and International Broadcasting Convention.

18       15.    By virtue of such use and recognition of the XILINX Mark, Xilinx has acquired
19   protectable intellectual property rights in the XILINX Mark. Xilinx has established considerable
20   reputation and goodwill in the XILINX Mark, and customers and others in the semiconductor and
21   related industries associate the XILINX Mark with Xilinx's products and services.

22                    **DEFENDANT'S INFRINGING ACTIVITIES**

23       16.    Xilinx is informed and believes, and on that basis alleges, that Defendant Xilient
24   has begun using the mark and trade name XILIENT and domain name www.xilient.com, and
25   each of them (collectively, the "XILIENT Mark") in connection with the development and
26   marketing of semiconductor chips. Like Xilinx, Xilient is a "fabless semiconductor company"
27   according to Xilient's website at www.xilient.com.

28       17.    Xilinx is further informed and believes, and on that basis alleges, that Xilient also

                                   -5-                                    COMPLAINT

1   filed a trademark application (Ser. No. 77028470) on October 24, 2006 with the U.S. Patent &

2   Trademark Office to register the mark XILIENT in connection with goods that are the same as or

3   similar to those offered by Xilinx, namely, for: "computer hardware, and peripherals and manuals

4   supplied therewith; semiconductors; computer chips and software for use in connection with

5   laptops, handheld computers, PDAs, portable media players, cellular phones with digital media

6   capability, desktop computers with digital media capability, televisions, DVD players, DVD

7   recorders, set-top boxes, MP3 players, in-car entertainment systems, media gateways, digital

8   media adapters, wireless video base-stations, video head-end equipment and media servers, and

9   IPTV equipment, namely IPTV network switches and set-top boxes."

10      18.    Xilinx is informed and believes, and on that basis alleges, that Defendant Xilient

11  has begun using the XILIENT Mark in connection with development of its products, recruiting

12  and hiring employees, fund-raising, and other business activities, and that Xilient plans to soon

13  publicly announce the availability of a new semiconductor product under the XILIENT Mark.

14      19.    Xilinx is informed and believes, and on that basis alleges, that Defendant Xilient is

15  a member of some of the same trade organizations and associations as Xilinx including PCI-SIG

16  and INCIT's working group on MPEG Development Activity (the "L3.1-MPEG Development

17  Activity" group).

18      20.    Xilinx is informed and believes, and on that basis alleges, that Defendant Xilient

19  markets its products in the same or similar channels of trade, and in some of the same markets

20  and to some of the same customers or types of customers, as Xilinx does. Xilinx is informed and

21  believes, and on that basis alleges, that Xilient's products may be used in or for the same products

22  and/or applications as certain of Xilinx's products. Xilinx is further informed and believes, and

23  on that basis alleges, that certain of its products are capable of being programmed to have the

24  same or similar functionality as those being designed or offered by Xilient.

25      21.    Such use or intended use of the XILIENT Mark by Xilient occurred or will have

26  occurred over twenty years after Xilinx first began using its XILINX Mark, and more than ten

27  years after Xilinx first obtained registration for the XILINX Mark. Xilinx is informed and

28  believes, and on that basis alleges, that Defendant Xilient was aware or should have been aware

1   of Xilinx and its XILINX Mark and registrations at the time that Defendant adopted and began

2   using the infringing XILIENT Mark, and that Defendant adopted the XILIENT Mark with the

3   intent of trading on the goodwill and outstanding reputation established by Xilinx. The parties

4   are in the same field (semiconductors), are both located in the Silicon Valley, and Xilinx's federal

5   trademark registrations provide constructive notice of Xilinx's rights in the XILINX Mark.

6       22.     Defendant's use of the XILIENT Mark is likely to cause confusion as to

7   association, sponsorship, ownership, or affiliation between Defendant and Xilinx, and Xilinx's

8   XILINX Mark, thereby infringing Xilinx's rights in its XILINX Mark.

9       23.     Xilinx is informed and believes, and on that basis alleges, that Xilient was aware

10  of Xilinx's prior rights in the XILINX Mark prior to adopting the XILIENT Mark due to Xilinx's

11  prior federal trademark registrations which provided constructive notice of Xilinx's rights, and

12  Xilinx's extensive use of the XILINX Mark and its advertising and marketing featuring the

13  XILINX Mark. In addition, Xilinx sent a cease and desist letter to Xilient on September 26,

14  2007 informing Xilient of Xilinx's superior rights, demanding the Xilient cease any use of the

15  XILIENT Mark, and allowing Xilient a reasonable period in which to change its name and

16  advertising. Over the next several months, the parties engaged in a series of ongoing settlement

17  communications by phone and e-mail, and exchanged settlement offers, but did not reach a

18  resolution. On April 1, 2008, counsel for Xilinx sent another demand letter to Xilient's counsel

19  again requesting that Xilient cease use of the XILIENT Mark according to terms set forth in the

20  letter. The parties exchanged further settlement offers but did not reach a resolution of the matter.

21                          **FIRST CLAIM FOR RELIEF**
                          **Federal Trademark Infringement**
22                              **15 U.S.C. § 1114**

23      24.     Plaintiff Xilinx realleges and incorporates by reference the allegations in

24  paragraphs 1 through 23 as if fully set forth herein.

25      25.     Plaintiff Xilinx's XILINX Mark is distinctive and Xilinx has used and marketed its

26  Mark to distinguish and to identify its products and services. Xilinx has acquired substantial

27  goodwill through the use of its XILINX Mark, and obtained federal registrations for such Mark,

28

-7-                                     COMPLAINT

1  as described above.

2      26.    Defendant's use of the XILIENT Mark in connection with Defendant's activities
3  and goods is likely to cause confusion, mistake, or deception, and constitutes infringement of
4  Xilinx's registered trademarks, as identified above, in violation of Section 32 of the Lanham Act,
5  15 U.S.C. § 1114.

6      27.    Xilinx is informed and believes, and on that basis alleges, that Defendant was
7  aware of Xilinx and the XILINX Mark, and the use thereof by Xilinx to identify Xilinx and its
8  products and services, prior to Defendant's adoption of XILIENT.

9      28.    Xilinx is informed and believes, and on that basis alleges, that as a result of
10  Defendant's infringing acts, Defendant has profited and benefited in the marketplace, at the
11  expense of and injury to Xilinx.

12      29.    As a result of Defendant's unlawful conduct, Xilinx has been and continues to be
13  substantially and irreparably harmed. Defendant's adoption of the XILIENT Mark has caused
14  and will continue to cause irreparable harm for which Xilinx has no adequate remedy at law, in
15  that, among other things, (i) Xilinx's ownership of the XILINX Mark constitutes a unique and
16  valuable property right which has no readily determinable market value; (ii) Defendant's
17  activities in connection with the XILIENT Mark interfere with Xilinx's goodwill and relationship
18  with its customers, business partners, vendors, the general public, and the media; and (iii)
19  Defendant's activities, and the harm resulting to Xilinx, is continuing. If Defendant's
20  infringement and unlawful acts are permitted to continue, further damage and irreparable injury
21  will be sustained by Xilinx. Accordingly, Xilinx is entitled to preliminary and permanent
22  injunctive relief against Defendant, including an order to seize any and all infringing goods or
23  materials bearing the XILIENT Mark.

24      30.    Xilinx is informed and believes and on that basis alleges that Defendant has
25  derived unlawful benefit from its infringement of Xilinx's XILINX Mark, and Defendant thereby
26  has caused loss and damage to Xilinx's Mark and associated goodwill. As a proximate result of
27  Defendant's infringement, Xilinx has suffered and is likely to continue to suffer injury to its
28  business, goodwill, reputation, and profit, all to the damage of Xilinx, in an amount as yet

                                          -8-                              COMPLAINT

1  unknown but to be proven at trial.

2  31.    Plaintiff's damages may be trebled pursuant to Section 35(a) of the Lanham Act,

3  15 U.S.C. § 1117(a) because, upon information and belief, Defendant's actions have been

4  committed willfully, with intent and full knowledge of Xilinx's XILINX Mark and its rights in

5  such Mark, among other things. In addition, Xilinx is entitled to recover Defendant's profits and

6  reasonable royalties, as well as costs of this action and reasonable attorney's fees.

7  **SECOND CLAIM FOR RELIEF**
8  **False Designation of Origin and Unfair Competition**
   **15 U.S.C. § 1125(a)**

9  32.    Plaintiff Xilinx realleges and incorporates by reference the allegations in

10  paragraphs 1 through 31 as if fully set forth herein.

11  33.    Defendant's use of the XILIENT Mark in connection with Defendant's activities

12  and goods is likely to cause confusion, mistake, or deception as to affiliation, connection, or

13  association with Xilinx, and is also likely to cause confusion as to the origin, sponsorship, or

14  approval of Defendant's goods, services, or commercial activities by Xilinx, all in violation of

15  Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16  34.    In addition, Defendant's use of the XILIENT Mark constitutes a false designation

17  of origin, false or misleading description of fact, or false or misleading representation of fact

18  which is likely to cause confusion, mistake, or deception as to affiliation, connection, or

19  association with Xilinx, and is also likely to cause confusion, as to the origin, sponsorship, or

20  approval of Defendant's goods, services, or commercial activities by Xilinx, all in violation of

21  Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22  35.    Xilinx is informed and believes, and on that basis alleges, that Defendant was

23  aware of Xilinx and the XILINX Mark, and the use thereof by Xilinx to identify Xilinx and its

24  products and services, prior to Defendant's adoption of XILIENT.

25  36.    As a result of Defendant's unlawful conduct, Xilinx has been and continues to be

26  substantially and irreparably harmed. Defendant's adoption of the XILIENT Mark has caused

27  and will continue to cause irreparable harm for which Xilinx has no adequate remedy at law, in

28

-9-    COMPLAINT

PA\10552149.1

1    that, among other things, (i) Xilinx's ownership of the XILINX Mark constitutes a unique and

2    valuable property right which have no readily determinable market value; (ii) Defendant's

3    activities in connection with the XILIENT Mark interfere with Xilinx's goodwill and relationship

4    with its customers, business partners, vendors, the general public, and the media; and (iii)

5    Defendant's activities, and the harm resulting to Xilinx, is continuing. If Defendant's

6    infringement and unlawful acts are permitted to continue, further damage and irreparable injury

7    will be sustained by Xilinx. Accordingly, Xilinx is entitled to preliminary and permanent

8    injunctive relief against Defendant, including an order to seize any and all infringing goods or

9    materials bearing the XILIENT Mark.

10    37.    Xilinx is informed and believes and on that basis alleges that Defendant has

11    derived unlawful benefit from its infringement of Xilinx's XILINX Mark, and Defendant thereby

12    has caused loss and damage to Xilinx's Mark and associated goodwill. As a proximate result of

13    Defendant's infringement, Xilinx has suffered and is likely to suffer injury to its business,

14    goodwill, reputation, and profit, all to the damage of Xilinx, in an amount as yet unknown but to

15    be proven at trial.

16    38.    Plaintiff's damages may be trebled pursuant to Section 35(a) of the Lanham Act,

17    15 U.S.C. § 1117(a) because, upon information and belief, Defendant's actions have been

18    committed willfully, with intent and full knowledge of Xilinx's XILINX Mark and its rights in

19    such Mark, among other things. In addition, Xilinx is entitled to recover Defendant's profits and

20    reasonable royalties, as well as costs of this action and reasonable attorney's fees.

21                              **THIRD CLAIM FOR RELIEF**
                    **Common Law Trademark and Trade Name Infringement**

22

23    39.    Plaintiff Xilinx realleges and incorporates by reference the allegations in

24    paragraphs 1 through 38 as if fully set forth herein.

25    40.    In addition to its rights under the Lanham Act, Xilinx has valid common law rights

26    in the XILINX Mark based on its use of the XILINX Mark since at least as early as 1984.

27    41.    Defendant's use of the XILIENT Mark is in violation and derogation of Xilinx's

28    common law rights in its XILINX Mark, and is likely to cause confusion, mistake and deception

                                            -10-                          COMPLAINT

PA\10552149.1

1    among customers and the public as to the source, origin, sponsorship or quality of Xilinx's goods

2    and services and business, thereby causing loss, damage and injury to Xilinx and the public.

3    Defendant knew, or in the exercise of reasonable care should have known, that its conduct was

4    likely to mislead purchasers, consumers, and others engaged in the sale, purchase or distribution

5    of products and services in the semiconductor industry.

6    42.    Xilinx is informed and believes and on that basis alleges that the foregoing

7    conduct by Defendant has been knowing, deliberate, willful, and with the knowledge that it is

8    likely to cause mistake or to deceive, and in disregard of Xilinx's rights.

9    43.    Xilinx is informed and believes and on that basis alleges that Defendant's

10    wrongful acts, as alleged above, have permitted or will permit it to make substantial sales and/or

11    profits on the strength of Xilinx's marketing, advertising, sales and customer recognition of the

12    XILINX Mark.

13    44.    As a result of Defendant's unlawful conduct, Xilinx has been and continues to be

14    substantially and irreparably harmed. If Defendant's unfair competition and acts are permitted to

15    continue, further damage and irreparable injury will be sustained by Xilinx. Through such unfair

16    acts and use of a confusingly similar mark, the value of Xilinx's XILINX Mark will be

17    diminished or impaired, for which damage Xilinx cannot be adequately compensated at law.

18    45.    Xilinx is informed and believes and on that basis alleges that Defendant has

19    derived unlawful gains and profits from its unlawful acts, as alleged above, and has caused loss

20    and damage to Xilinx, Xilinx's goodwill, and the XILINX Mark. Xilinx has suffered and is likely

21    to suffer injury to its business, goodwill, reputation, and profit, in an amount as yet unknown but

22    to be proven at trial.

23    46.    Xilinx has no adequate remedy at law for, and is being irreparably harmed by,

24    Defendant's continuing violation of it rights as set forth above, and such harm will continue

25    unless Defendant is enjoined by this Court.

26

27

28

PA\10552149.1

1

2

### FOURTH CLAIM FOR RELIEF
### Unfair Competition Under California Common Law and
### Business & Professions Code Sec. 17200

3

4

47.    Plaintiff Xilinx realleges and incorporates by reference the allegations in paragraphs 1 through 46 as if fully set forth herein.

5

6

7

48.    Defendant's use and marketing of products and services under the XILIENT Mark, as alleged above, constitutes unfair competition and an unlawful business practice in violation of Sections 17200 et seq. of the California Business and Professions Code and common law.

8

9

10

49.    Xilinx is informed and believes, and on that basis alleges, that Defendant's unfair competition practices, namely, the adoption and use of the XILIENT Mark, has been willful and has been committed with the knowledge of Xilinx's business and use of its XILINX Mark.

11

12

13

14

15

16

17

50.    Xilinx is informed and believes, and on that basis alleges, that Defendant's use of the XILIENT Mark has deceived or is likely to deceive Xilinx's customers and potential customers and/or Defendant's customers and potential customers into believing that Defendant's products and services and Xilinx's products and services, or the parties' businesses, are related, and/or that Defendant's products and services are affiliated with, associated with, and/or sold by Xilinx and/or that Xilinx's products and services are affiliated with, associated with, and/or sold by Defendant.

18

19

20

21

22

51.    As a result of Defendant's acts of unfair competition, Xilinx has been and continues to be substantially and irreparably harmed. If Defendant's unfair competition is permitted to continue, further damage and irreparable injury will be sustained by Xilinx. Through such unfair acts and use of a confusingly similar mark, the value of Xilinx's XILINX Mark will be diminished or destroyed, for which damage Xilinx cannot be adequately compensated at law.

23

24

25

26

27

52.    Xilinx is informed and believes and on that basis alleges that Defendant has derived unlawful gains and profits from its acts of unfair competition, as alleged above, and has caused loss and damage to Xilinx, Xilinx's goodwill, and the XILINX Mark. Xilinx has suffered and is likely to suffer injury to its business, goodwill, reputation, and profit, in an amount as yet unknown but to be proven at trial.

28

-12-                                        COMPLAINT

PA\10552149.1

1    WHEREFORE, Xilinx prays for relief as follows:

2    1.    That Defendant be adjudged to have infringed Xilinx's XILINX Mark in violation
3    of federal and California state law;

4    2.    That Defendant be adjudged to have willfully and deliberately infringed Xilinx's
5    XILINX Mark in violation of federal and California state law;

6    3.    That Defendant be adjudged to have competed unfairly with Xilinx and used a
7    false designation of origin, false or misleading description of fact, and/or false or misleading
8    representation of fact in violation of federal and California state law;

9    4.    That Defendant be adjudged to have willfully and deliberately competed unfairly
10   with, and used false designation of origin, false or misleading description of fact, and/or false or
11   misleading representation of fact, in violation of federal and California state law;

12   5.    That Defendant, its officers, agents, servants, employees and all persons acting or
13   claiming to act on its behalf under its direction or authority, and all persons acting or claiming to
14   act in concert or in participation with it or any of them, be preliminarily and permanently enjoined
15   and restrained from infringing Xilinx's XILINX Mark in any manner in the sale, promotion,
16   distribution, purchase, or advertising of Defendant's products and services, and specifically,
17   enjoined from using the XILIENT Mark;

18   6.    That Defendant, its officers, agents, servants, employees and all persons acting or
19   claiming to act on its behalf under its direction or authority, and all persons acting or claiming to
20   act in concert or in participation with it or any of them, be permanently enjoined and restrained
21   from or engaging in acts of unfair competition with Xilinx relating to use of the XILIENT Mark
22   by Defendant in any manner, in the sale, promotion, distribution, purchase or advertising of
23   Defendant's goods and services;

24   7.    That Defendant be required to turn over and deliver up to the Court or to a Court-
25   designated party during the pendency of this action all infringing products in their custody and
26   control (including records documenting the manufacture, sale or receipt of infringing items) and
27   to turn over for destruction all infringing products and all matters used to make infringing product
28   or materials as well as turn over and deliver any and all catalogues, marketing materials or labels

-13-                                              COMPLAINT

1  in its possession, custody or control, or that of its owners, officers, agents, brokers, servants or

2  employees, that would, if used, or marketed or otherwise distributed, violate the injunctive relief

3  granted herein, for ultimate destruction of such items;

4      8.    That Defendant be required to publish notice to all distributors, brokers, retailers,

5  tradeshows, sellers, and other customers or others in the trade who may have seen, or heard of

6  Defendant's use of the XILIENT Mark, or purchased any of Defendant's products which were

7  marketed using the XILIENT Mark, which notice shall disclaim any connection with Xilinx and

8  shall advise them of the Court's injunction order and of Defendant's discontinuance from all use

9  of the XILIENT Mark;

10      9.    That Defendants be ordered to pay the costs of corrective advertising;

11      10.    That Defendants be ordered to pay damages in the amount of their infringing

12  profits and/or reasonable royalties, increased by the Court by such amount as the Court deems to

13  be just, together with Xilinx's actual damages, which, according to the circumstances of this case,

14  should be trebled;

15      11.    For an award of costs and reasonable attorneys' fees; and

16      12.    For all other relief the Court deems just and proper.

17

18  DATED: May $\underline{5}$, 2008        DLA PIPER US LLP

19

20                 By: _____

                       Eugene M. Pak

21

22                 Attorneys for Plaintiff
               XILINX, INC.

23

24

25

26

27

28

                         -14-                      COMPLAINT

1

## JURY TRIAL DEMANDED

2          Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

3     by jury of all issues properly triable of right by a jury.

4

5

6     DATED: May 5, 2008                    DLA PIPER US LLP

7

8                                           By: _____
                                                Eugene M. Pak

9
                                            Attorneys for Plaintiff
10                                          XILINX, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -15-                              COMPLAINT

PA\10552149.1

**Exhibit A**

**Int. Cl.: 9**

**Prior U.S. Cls.: 21 and 38**

**Reg. No. 1,904,283**

## United States Patent and Trademark Office    Registered July 11, 1995

### TRADEMARK
### PRINCIPAL REGISTER

# XILINX

XILINX, INC. (DELAWARE CORPORATION)
2100 LOGIC DRIVE
SAN JOSE, CA 95124

FOR: INTEGRATED CIRCUITS AND COM-
PUTER SOFTWARE IN THE FIELD OF PRO-
GRAMMING INTEGRATED CIRCUITS, IN
CLASS 9 (U.S. CLS. 21 AND 38).

FIRST   USE   9–24–1985;   IN   COMMERCE
9–24–1985.

OWNER OF U.S. REG. NO. 1,713,232.

SER. NO. 74–541,657, FILED 6–21–1994.

J. TINGLEY, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,215,885
Registered Mar. 6, 2007

## SERVICE MARK
## PRINCIPAL REGISTER

# XILINX

XILINX, INC. (DELAWARE CORPORATION)
2100 LOGIC DRIVE
SAN JOSE, CA 951243400

FOR: DESIGN OF COMPUTER HARDWARE, INTEGRATED CIRCUITS, COMMUNICATIONS HARDWARE AND SOFTWARE FOR OTHERS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 3-0-1999; IN COMMERCE 3-0-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,713,232 AND 1,904,283.

SER. NO. 78-904,265, FILED 6-8-2006.

JASON BLAIR, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21 and 38

## United States Patent and Trademark Office

Reg. No. 1,713,232
Registered Sep. 8, 1992

## TRADEMARK
### PRINCIPAL REGISTER



XILINX, INC. (DELAWARE CORPORATION)
2100 LOGIC DRIVE
SAN JOSE, CA 95124

FOR: INTEGRATED CIRCUITS AND COM-
PUTER SOFTWARE IN THE FIELD OF PRO-
GRAMMING INTEGRATED CIRCUITS, IN
CLASS 9 (U.S. CLS. 21 AND 38).

FIRST USE 9–24–1985; IN COMMERCE
9–24–1985.

SER. NO. 74–189,779, FILED 7–29–1991.

PATRICIA HORRALL, EXAMINING ATTOR-
NEY